PER CURIAM.
Ronnie Daniels, a Kentucky inmate confined within the Florida Department of Corrections (“FDOC”) pursuant to the Interstate Corrections Compact (“ICC”) seeks certiorari review of an order denying his petition for writ of mandamus.[1] Having considered the arguments of parties, we agree with the circuit court that Daniels failed to establish a clear legal right to possess personal .property permitted under Kentucky prison regulations but prohibited under those of the FDOC, or to be paid monetary wages for his institutional work, which Daniels alleged would be the case were he confined in a Kentucky institution. See generally Jennings v. Lombardi, 70 F.3d 994 (8th Cir.1995); Daye v. State, 171 Vt. 475, 769 A.2d 630 (2000); Vigue v. Underwood, 139 S.W.3d 168 (Ky.Ct.App. 2004); Glick v. Holden, 889 P.2d 1389 (Utah Ct.App.1995).
Daniels also argued to the circuit court that in contravention of the ICC, he had not been given adequate opportunity by FDOC to participate in vocational education programs. Again, we conclude that neither the ICC nor the implementing contract between Kentucky and Florida establish any basis for concluding that FDOC breached a clear legal duty to provide Daniels with vocational training. Nonetheless, we are constrained to observe that in addressing this issue, FDOC misinformed the circuit court as to the contents of its administrative rule governing this subject. At the time this matter was before the circuit court, Florida Administrative Code Rule 33-301.101(5)(e) provided that inmates confined under the ICC shall be afforded the opportunity to participate in programs of occupational training, industrial or other work “on the same basis as inmates of the sending state.” FDOC erroneously informed the circuit court that the rule provided that ICC inmates would be afforded the same opportunity to participate as “inmates of Florida.”[2] Despite this misadvice, however, we conclude that the circuit court reached the correct result when it rejected this claim, since the rec *670 ord indicates that Daniels has been afforded the opportunity to participate in at least one vocational training program while incarcerated in Florida, and he made no showing that he was denied access by FDOC to any program in which he would have been entitled to participate had he been confined in Kentucky.
On the basis of the foregoing, we conclude that the circuit court correctly denied Daniels’ petition for writ of mandamus. Accordingly, his petition for writ of certiorari is DENIED on the merits.
ERVIN, PADOVANO and LEWIS, JJ., concur.

. In Florida, the ICC is codified at section 941.56, Florida Statutes (2004). The corollary provision of Kentucky law appears at section 196.610, Kentucky Revised Statutes.

. Current counsel for FDOC (who did not represent the agency below) explains that this discrepancy had its origins in an administrative error occurring at the time the rule was initially promulgated in 1981,, but that .the. agency's intent at the time, consistent with Article IV(e) of the ICC, was to provide that ICC inmates are to be treated equally with similarly situated Florida inmates. Although this error inexplicably went undetected for years and petitioner’s attempts to call it to the agency's attention in the petition he filed in the circuit court were equally inexplicably ignored, it has evidently now been corrected. The provision at issue now appears at Florida Administrative Code Rule 33-601.401(4)(d).